UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Odom, | ) | C/A No. 5:17-cv-02774-RMG-KDW |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Sheriff Al Cannon, and Chief Beatty, | ) | |
| Respondent. | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Christopher Odom ("Petitioner") is a detainee at the Al Cannon Detention Center in Charleston County, South Carolina. He asserts that his constitutional rights are being violated by the continued prosecution of criminal charges that are pending against him and asks the court to take judicial notice of his "original writ of habeas corpus" and transcripts and records from his preliminary hearing in the Charleston County courts. Petitioner does not describe what he wants this court to consider from those records nor does he make them available to the court.[1] He also

---

[1] Petitioner does not provide a case number for his "original writ of habeas corpus," but it appears that he is referencing the petition that he recently filed in *Odom v. State*, C/A No. 5:17-cv-1906-RMG-KDW, in which he claimed, among other things, that neither his court-appointed attorney nor the complaining witness attended his preliminary hearing. Petitioner asserted that those facts required dismissal of the pending charges; however, he had not exhausted his state

asserts that he is being prevented from pursuing habeas corpus proceedings in state court because he cannot afford to pay the filing fee. He asks this court to issue a writ of mandamus directing Respondents to dismiss the pending charges.

II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se initial pleading filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se pleadings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pleading filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se pleading, the pro se litigant's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391

---

court remedies with respect to that claim and the petition was dismissed. He does not provide copies of the state court records on which he relies. This court does not have any type of independent, general access to state trial court records such as transcripts and orders as they are not published on the internet. Accordingly, because they are not publicly available on the internet, this court cannot take judicial notice of any state trial court transcripts or orders.

(4th Cir. 1990). Even under this less stringent standard, the Petition for Writ of Mandamus filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

Petitioner has captioned his initial pleading as a Petition for a Writ of Mandamus and the relief he requests, dismissal of pending state charges, sounds in mandamus. *See Black's Law Dictionary* (9th ed. 2009) (mandamus: "A writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure to act."). Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States. Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); *In re Carr*, 803 F.2d 1180, 1180 (4th Cir. 1986) (unpublished opinion) (same).

In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The court also held that, if the prisoner's petition were treated as an appeal from the district court's order

denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587. The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985); *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n.5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n.1 (N.D. Ill. 1990). Because Respondents are either state or county officials and clearly not federal employees or officials, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against either of them.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss this action *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature]*

December 6, 2017                                     Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).