| | |
|---|---|
| Christopher Odom, ) | Case No.: 5:17-cv-2774 |
| ) | |
| Petitioner, ) | **ORDER AND OPINION** |
| ) | |
| v. ) | |
| ) | |
| Sheriff Al Cannon and Chief Beatty. ) | |
| ) | |
| Respondents. ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 11) recommending that the Court dismiss this action without prejudice. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court. The action is dismissed without prejudice.

## I. Background and Relevant Facts

Petitioner Christopher Odom is detained at the Sheriff Al Cannon Detention Center in Charleston County, South Carolina. He is proceeding *pro se*. Petitioner claims that his constitutional rights are being violated by the continued prosecution of criminal charges against him and that he is being prevented from pursuing habeas corpus proceedings in state court because he cannot afford to pay the filing fee. For relief, Petitioner requests that this Court issue a writ of mandamus directing Respondents to dismiss pending charges against him.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections to the Report and Recommendation, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

The Magistrate Judge explained in the R. & R. that, because Respondents are either state or county officials and clearly not federal employees or officials, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against either of them. (Dkt. No. 11 at 3-4.) Plaintiff has not filed any Objections to the R. & R. This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case while liberally construing the *pro se* Complaint.

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 11) as the order of the Court. This action is dismissed without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 27, 2017
Charleston, South Carolina